# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

_____

**DAYCO PRODUCTS, LLC,**

     *Plaintiff,*

                                         **HONORABLE <u>VICTORIA A. ROBERTS</u>**

                                        **MAG. JUDGE <u>MICHAEL J. HLUCHANIUK</u>**

**vs.**

                                          **Civil Action No. <u>2:08-cv-12273</u>**

**KINGDOM AUTO PARTS LTD.,**

     *Defendant.*

_____/

| | |
|---|---|
| MICHAEL P. COAKLEY    (P34578) | ROBERT C.J. TUTTLE    (P25222) |
| KRISTEN ISAACSON SPANO   (P60370) | JOHN S. LE ROY    (P61964) |
| **MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.** | **BROOKS KUSHMAN P.C.** |
| 150 West Jefferson, Suite 2500 | 1000 Town Center |
| Detroit, Michigan 48226 | Twenty-Second Floor |
| Tel:   (313) 963-6420 | Southfield, Michigan 48075 |
| Fax:   (313) | Tel:   (248) 358-4400 |
| | Fax:   (248) 358-3351 |
| *Attorney for Plaintiff* | *Attorneys for Defendants* |

_____/

# DEFENDANT KINGDOM AUTO PARTS'S
# <u>FED. R. CIV. P. 11(c)(2) MOTION FOR SANCTIONS</u>



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

**EFILED 7/16/08**

Defendant Kingdom Auto Parts hereby moves pursuant to Fed. R. Civ. P. 11(c)(2) for sanctions against plaintiff Dayco Products, LLC for asserting trade dress infringement claims for an improper purpose, and making factual contentions in support of those claims that cannot have evidentiary support.

In summary, the basis for this motion is that plaintiff Dayco Products has asserted "trade dress" rights in the configuration of its belt tensioners. Belt tensioners are (i) installed on automobile engines, (ii) are intrinsically functional, and (iii) out-of-view (unless the hood is opened). Dayco Products' Complaint presents trade dress infringement claims as Count Two, under Lanham Act § 43a, and Count Seven, under Michigan unfair competition law. These trade dress infringement claims are in plain conflict with Supreme Court Sixth Circuit and Lanham Act authority, they are deserving of Rule 11 sanctions.

The accompanying brief in support sets forth in greater detail the factual and legal bases for this motion.

The undersigned counsel for defendant Kingdom Auto Parts certifies compliance with Fed. R. Civ. P. 11(c)(2) prior to filing this motion by having served counsel for plaintiff Dayco Products 21 days prior. However, the objectionable Complaint allegations and claims have not been withdrawn.

**B|K**

**Brooks Kushman P.C.**
1000 Town Center, 22ᴺᴰ Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

**EFILED 7/16/08**

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

By: __/s/ Robert C. J. Tuttle_____
    Robert C.J. Tuttle      (P25222)
    John S. Le Roy        (P61964)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075-1238
Tel:    (248) 358-4400/Fax:  (248) 358-3351
email:  rtuttle@brookskushman.com
           jleroy@brookskushman.com

Dated: July 16, 2008_____         *Attorneys for Defendants*



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

**EFILED 7/16/08**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

———————————

**DAYCO PRODUCTS, LLC,**

    *Plaintiff,*

**vs.**

**KINGDOM AUTO PARTS LTD.,**

    *Defendant.*

HONORABLE <u>VICTORIA A. ROBERTS</u>
MAG. JUDGE <u>MICHAEL J. HLUCHANIUK</u>

Civil Action No. <u>**2:08-cv-12273**</u>

_____/

| | |
|---|---|
| MICHAEL P. COAKLEY    (P34578) | ROBERT C.J. TUTTLE    (P25222) |
| KRISTEN ISAACSON SPANO    (P60370) | JOHN S. LE ROY    (P61964) |
| **MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.** | **BROOKS KUSHMAN P.C.** |
| 150 West Jefferson, Suite 2500 | 1000 Town Center |
| Detroit, Michigan 48226 | Twenty-Second Floor |
| Tel:    (313) 963-6420 | Southfield, Michigan 48075 |
| Fax:    (313) | Tel:    (248) 358-4400 |
| | Fax:    (248) 358-3351 |
| *Attorney for Plaintiff* | *Attorneys for Defendants* |

_____/

# BRIEF IN SUPPORT OF
## DEFENDANT KINGDOM AUTO PARTS'S
### <u>FED. R. CIV. P. 11(c)(2) MOTION FOR SANCTIONS</u>



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield,  MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

**EFILED 7/16/08**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

CONCISE STATEMENT OF QUESTION PRESENTED . . . . . . . . . . . . . . . . . . . . . . . iii

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     STATEMENT OF MATERIAL FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.      The Challenged Factual Contentions And Claims . . . . . . . . . . . . . . . . . . . . 3

        B.      Belt Tensioner Design Principles . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.    APPLICABLE LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        A.      Sanctions Under Rule 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        B.      Standards For Trade Dress Protection . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

                1.      Trade Dress Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

                2.      Identification Of Discrete Elements Of The Trade Dress . . . . . . . . . 9

                3.      The Trade Dress Claimants Duty To Prove Non-Functionality . . . . . 9

                4.      Proof Of Secondary Meaning . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        C.      Federal Intellectual Property Policy Regarding Copying . . . . . . . . . . . . . . 11

IV.     ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        A.      The Product Configuration Of The
                Belt Tensioners Is Inherently Functional . . . . . . . . . . . . . . . . . . . . . . . . 12

        B.      The Dayco Products' Trade Dress Claims Are For An Improper Purpose . . 13

V.      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

**EFILED 7/16/08**

## <u>TABLE OF AUTHORITY</u>

### CASES

*B & H Medical, L.L.C. v. ABP Administration, Inc.*,
   354 F.Supp. 2d 746 (6th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*General Motors Corp. v. Lanard Toys, Inc.*,
   468 F.3d 405 (6th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10, 11

*Gray v. Meijer, Inc.*,
   295 F.3d 641 (6th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Runfola & Associates, Inc. v. Spectrum Reporting II, Inc.*,
   88 F.3d 368 (6th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*TrafFix Devices, Inc. v. Marketing Displays, Inc.*,
   523 U.S. 121 S.Ct. 1255, 1260 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Union Planters Bank v. L & J Development Co.*,
   115 F.3d 378 (6th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

### STATUTES

Fed. R. Civ. P. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 1125 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

### MISCELLANEOUS

McCarty on Trademarks and Unfair Competition §23.122 (2001) . . . . . . . . . . . . . . . . . . . 11



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

**EFILED 7/16/08**

## <u>CONCISE STATEMENT OF QUESTION PRESENTED</u>

Do the allegations of protectable "trade dress," and the asserted claims of Count Two and Count Seven, lack such factual and legal support that they are deserving of Rule 11 sanctions?

Defendant Kingdom Auto Parts answers:  *Yes*.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield,  MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

**EFILED 7/16/08**

## I.  INTRODUCTION

Most newer cars and trucks have a single serpentine belt on their engine. This belt transfers power, through pulleys, from the engine's crankshaft to other accessories or pumps mounted on the engine. On many cars and trucks the serpentine belt will drive the water pump, the radiator cooling fan, the power steering pump, the generator or alternator, the air conditioning compressor and possibly even a supercharger or other auxiliary component. The belt must have the correct amount of tension to effectively drive all the components but not so much tension that the belt is in danger of breaking. The belt tensioner is responsible for generating the correct amount of tension.

Figure 1 (reproduced below) of plaintiff's U.S. Patent No. 6,682,452 shows the environment in which a belt tensioner functions.  In Figure 1, the engine assembly is shown generally at 10; the serpentine belt is at 12; the belt tensioner is generally at 14; and the rotational pulley that applies tension to the serpentine belt, is shown at 22.



FIG. 1



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield,  MI 48075-1238
USA

Tel     (248) 358-4400
Fax     (248) 358-3351

www.brookskushman.com

**EFILED 7/16/08**

Representative front and rear views of a Dayco Products' belt tensioner are reproduced below:

 

The pulley that applies tension to the serpentine belt is carried on an arm (best seen in the right view above).  The arm urges the pulley into contact with the belt under the influence of a spiral torsion spring.  The spiral torsion spring is contained within the cylindrical housing from which the arm projects.  Both the cylindrical housing and the projecting arm are formed by aluminum die casting.  The pulley wheel is plastic injection molded.

Dayco Products is asserting that the configuration of its belt tensioners is not functional.  Dayco Products makes this assertion in the same Complaint presenting two claims for infringement of utility patents on these belt tensioners.



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield,  MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

-2-

## II.  STATEMENT OF MATERIAL FACTS

### A.      The Challenged Factual Contentions And Claims

1.      Dayco Products' trade dress contentions are presented in paragraph 18 of the Complaint, reproduced as follows:

> 18.    Dayco's automatic belt tensioner products also incorporate a distinctive, aesthetic, non-functional trade dress, including, for example, the overall configuration and appearance, the number and shape of fibs, recesses, cutouts and cavities reflected in the product's castings, and the inclusion of a fiat spring.  The unique Dayco trade dress has come to be associated in the minds of customers with a particular source, namely Dayco.

2.      Dayco Products' Complaint pleads a trade dress infringement claim, under 15 U.S.C. § 1125(a), as "Count Two," reproduced as follows:

### COUNT TWO
### TRADE DRESS INFRINGEMENT
### (15 U.S.C. § 1125(a)(1)(A))

> 39.    Dayco realleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 31 above as if set forth specifically herein.

> 40.    The adoption and use by Kingdom of the distinctive, aesthetic, non-functional trade dress of Dayco's automatic belt tensioners, in interstate commerce, in connection with its goods and commercial activities, without the consent of Dayco, are likely to cause confusion, or cause mistake, or to deceive consumers as to the affiliation, connection or association of Kingdom with Dayco or as to the origin, sponsorship, or approval of Kingdom's goods, services or commercial activities by Dayco, in violation of 15 U.S.C. § 1125(a)(1)(A).



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

-3-

41.     Upon information and belief, the adoption and use by Kingdom of the distinctive, aesthetic, non-functional trade dress of Dayco's automatic belt tensioners, in interstate commerce, in connection with its goods and commercial activities was in bad faith and in willful disregard of Dayco's rights, with intent to trade on and appropriate the reputation and goodwill which Dayco has built up in the trade dress of its automatic belt tensioners and to divert customers and revenues from Dayco.

42.     The aforementioned actions and activities of Kingdom have caused and will continue to cause damage and irreparable harm and injury to Dayco unless and until such time as they are enjoined by this Court.

3.      Dayco Products' Complaint pleads the same, substantive trade dress infringement claim as a common law unfair competition claim, as Count Seven, reproduced as follows:

<u>COUNT SEVEN</u>
**COMMON LAW UNFAIR COMPETITION**

61.     Dayco realleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 46 above as if set forth specifically herein.

62.     Certain automatic belt tensioners that are offered for sale in the United States by Kingdom copy the distinctive, aesthetic, non-functional trade dress of Dayco's automatic belt tensioners and are designated by the identical unique product numbers utilized by Dayco for its corresponding automatic belt tensioners. In addition, certain automatic belt tensioners that are offered for sale in the United States by Kingdom contain one or more component parts which are copies of component parts of the corresponding Dayco automatic belt tensioners.

63.     The foregoing activities of cause a likelihood of confusion as to an affiliation, connection or association between Kingdom's products and Dayco's products, or an approval or sponsorship by Dayco of Kingdom's products, and falsely



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

**EFILED 7/16/08**

represents or implicitly connotes an equivalence of quality between Kingdom's products and the corresponding Dayco products.

64.    The aforementioned activities of Kingdom constitute unfair competition, including but not limited to the unlawful passing off of its goods as those of Dayco, in violation of the common law of the several states of the United States, including the State of Michigan.

65.    Upon information and belief, the adoption and use by Kingdom of the nonfunctional trade dress of Dayco's automatic belt tensioners, in conjunction with the adoption and use of the identical unique product numbers utilized by Dayco for its corresponding automatic belt tensioners in connection with its goods and commercial activities was in bad faith and in willful disregard of Dayco's fights, with intent to trade on and appropriate the reputation and goodwill which Dayco has built up for its automatic belt tensioners and to divert customers and revenues from Dayco.

66.    The aforementioned actions and activities of Kingdom have caused and will continue to cause damage and irreparable harm and injury to Dayco unless and until such time as they are enjoined by this Court.

**B.    Belt Tensioner Design Principles**

4.    The use of "ribs, recesses, cutouts and cavities" in a die casting is discussed in the reference work "Product Design for Die Casting," published by the North American Die Casting Association.  (Exhibit A, excerpt comprising pp. 11 - 17 and 25 - 33.) For example, the use of ribs for mechanical strength and minimization of wall thickness is discussed on p. 29.



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

**EFILED 7/16/08**

5.      A spiral torsion spring is a common mechanical device.  *See* the excerpt from the reference work "Mechanical System and Systems Handbook, 2d Ed.," §§ 39.12 and 39.13.  (Exhibit B.)  Figure 39.18 shows the same spiral torsion spring mounting arrangement as is used within the spring case of the Dayco Products' belt tensioners.

6.      The use of radial ribs to add strength and minimize weight of the plastic injection-molded pulley wheel is a conventional design practice in the plastic injection molding art.  *See* the excerpt from the reference work "Injection Molding Handbook, 3d. Ed.," pp. 760 - 63.  (Exhibit C.)

**B|K**

**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield,  MI 48075-1238
USA

Tel     (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

-6-

**EFILED 7/16/08**

## III.  APPLICABLE LAW

**A.     Sanctions Under Rule 11**

Fed. R. Civ. P. 11(b) states:

**(b) Representations to Court.**

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

In the Sixth Circuit, the test for imposition of Rule 11 sanctions is "whether the individual's conduct was reasonable under the circumstances." *Union Planters Bank v. L & J Development Co.*, 115 F.3d 378, 384 (6th Cir. 1997).   However, the requirement for reasonableness is not a "one-time obligation."   *Runfola & Associates, Inc. v. Spectrum*



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

**EFILED 7/16/08**

*Reporting II, Inc.*, 88 F.3d 368, 374 (6th Cir. 1996).  Each party "is impressed with a continuing responsibility to review and reevaluate his pleadings and where appropriate modify them to conform to Rule 11."  *Runfola*, 88 F.3d at 374.

Rule 11(c) requires a determination by the Court whether sanctions should be imposed on a party, its counsel, or both.  *B & H Medical, L.L.C. v. ABP Administration, Inc.,* 354 F.Supp. 2d 746, 751 (6th Cir. 2005).  A plaintiff's  counsel is subject to sanctions for violating Rule 11 if he or she continues to pursue the litigation when it becomes apparent there is no evidentiary support for the claims asserted in the complaint.  *Id.*

**B.**     **Standards For Trade Dress Protection**

The Sixth Circuit recently spoke to the proof standards for a claim of trade dress infringement in *General Motors Corp. v. Lanard Toys, Inc.*, 468 F.3d 405 (6th Cir. 2006).  The following points of law are instructive to Dayco Products' trade dress infringement claims, and this motion.

**1.**     **Trade Dress Defined**

Trade dress has been described by the Supreme Court as the "design or packaging of a product" which has acquired a "secondary meaning" sufficient "to identify the product with its manufacturer or source." *Id.* (quoting *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 28 (2001)).

Trade dress refers to the image and overall appearance of a product.  It embodies that arrangement of identifying characteristics or decorations connected with a product,



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield,  MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

**EFILED 7/16/08**

> whether by packaging or otherwise, [that] make[s] the source of the product distinguishable from another and . . . promote[s] its sale.  Trade dress involves the total image of a product and may include features such as size, shape, color or color combinations, texture, graphics, or even particular sales techniques.

*Id.* at 547 n. 10 (internal citation omitted).

> A party seeking to recover for trade dress infringement must prove by a preponderance of the evidence that (1) the trade dress is not functional; (2) the trade dress is distinctive in the marketplace and has acquired "secondary meaning," thereby indicating the source of the goods; and (3) the trade dress of the accused product is confusingly similar.  *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210 (2000).

(468 F.3d at 414 - 15.)

**2.     Identification Of Discrete Elements Of The Trade Dress**

In *General Motors, supra*, 468 F.3d at 415, the Sixth Circuit further held that a trade dress claimant must identify in a list the discrete elements of the trade dress:

> [I]t will not do to solely identify in litigation a combination as "the trade dress."  Rather, the discrete elements which make up that combination should be separated out and identified in a list."  MCCARTHY ON TRADEMARKS § 8:3 (4th ed. 2001).

(468 F.3d at 415.)

**3.     The Trade Dress Claimants Duty To Prove Non-Functionality**

In *General Motors, supra*, 468 F.3d at 416, the Sixth Circuit confirmed it was the trade dress claimant's burden to prove non-functionality of the product configuration:



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

-9-

A trade dress's non-functional nature must be proven by the party asserting the trade dress protection.  15 U.S.C. § 1125(a)(3); *TrafFix*, 532 U.S. at 29.

> [A] product feature is functional, and cannot serve as a trademark, if it is essential to the use or purpose of the article or if it affects the cost or quality of the article, that is, if exclusive use of the feature would put competitors at a significant non-reputation-related disadvantage.

*Qualitex Co. v. Jacobson Products Co.*, 514 U.S. 159, 165 (1995) (internal quotation marks omitted).  If a trade dress is found to be functional, the mere fact that there are other non-infringing designs which would serve the same functional purpose is no defense to functionality.  *Antioch Co. v. Western Trimming Corp.*, 347 F.3d 150, 155 (6th Cir. 2003).

(468 F.3d at 416.)

**4.      Proof Of Secondary Meaning**

A party asserting trade dress rights in the configuration of a product must prove

the product configuration has acquired secondary meaning.  In *General Motors, supra*, 468 F.3d

at 418, the Sixth Circuit set out the standards for proof of secondary meaning:

> To demonstrate secondary meaning, the evidence must show that "in the minds of the public, the primary significance fo the trade dress is to identify the source of the product rather than the product itself."  *Inwood Labs*, 456 U.S. at 851 n. 11.  This Court applies a seven-factor test to determine whether secondary meaning exists in a trade dress: (1) direct consumer testimony, (2) consumer surveys, (3) exclusivity, length, and manner of use, (4) amount and manner of advertising, (5) amount of sales and number of customers, (6) established place in the market, and



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

**EFILED 7/16/08**

(7) proof of intentional copying. *Marketing Displays, Inc. v. TrafFix Devices, Inc.*, 200 F.3d 929, 937 (6th Cir. 2000)), *rev'd on other grounds, TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23 (2001).

(468 F.3d at 418.)

## C.    Federal Intellectual Property Policy Regarding Copying

An overarching principle of Sixth Circuit case authority is that public policy favors copying of <u>everything</u> that is not protected by an intellectual property right.  This principle is stated in *Gray v. Meijer, Inc.*, 295 F.3d 641, 650 (6th Cir. 2002), quoting with approval the following language from McCarty on Trademarks and Unfair Competition §23.122 (2001):

> The first principle of unfair competition law is that everything that is not protected by an intellectual property right is free to copy.  In fact, copying is an essential part of the whole fabric of an economic system of free competition.  Thus, the act of "copying" far from being intrinsically improper, is essential and should be lauded and encouraged, not condemned.  There is absolutely nothing legally or morally reprehensible about exact copying of things in the public domain.

The *Gray* Court's statement on copying echoes that of the Supreme Court only one year earlier, in *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 523 U.S. 121 S.Ct. 1255, 1260 (2001):  "In general, unless an intellectual property right such as a patent or copyright protects an item, it will be subject to copying."



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

EFILED 7/16/08

# IV.  <u>ARGUMENT</u>

**A.      The Product Configuration Of The**
**         <u>Belt Tensioners Is Inherently Functional</u>**

A trade dress claimant must identify the discrete elements of the product configuration which contribute to the distinctive trade dress.  In this case, Dayco Products pleads "*the number and shape of ribs, recesses, cutouts and cavities reflected in the product's castings, and the inclusion of a flat spring.*"  (Complaint, ¶ 18.)  The belt tensioners consist of a cylindrical spring case and projecting arm (both die cast aluminum), and a pulley wheel (injection molded) mounted on the distal end of the arm.  The use of "ribs, recesses, cutouts and cavities" are functional expedients in the aluminum die casting art.  (*See* Exhibit B.)  The use of ribs in plastic injection molded articles to provide mechanical strength is similarly a functional expedient.  (*See* Exhibit C.)  The spiral torsion spring is *concealed from view* within the die cast aluminum spring case.  The belt tensioner assembly is mounted on the engine block, and viewable only when the vehicle hood is open.  The backside of the belt tensioner assembly is out of view at all times.

The product configuration of the belt tensioners of plaintiff is dictated by functional considerations, including the operating environment, loading forces, temperature, weight limitations, and the like.  The presence of "ribs, recesses, cutouts and cavities" in the die cast aluminum components is driven by these functional considerations.  The "spring" is never seen.

**B|K**

**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield,  MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

-12-

**EFILED 7/16/08**

Trade dress rights cannot subsist in functional articles.  The Dayco Products belt tensioners are inherently functional.

**B.    The Dayco Products' Trade Dress Claims Are For An Improper Purpose**

Dayco Products has asserted trade dress claims in bad faith, and for an improper purpose.  Dayco Products *knows* that its belt tensioners are functional, and ineligible for trade dress protection.  Dayco Products' assertion that belt tensioners are not functional is in conflict with the assertion of claims for infringement of two Dayco Products utility patents purportedly covering its belt tensioners- - in the same Complaint!  To accord trade dress protection to belt tensioners would open the door to equally absurd claims of trade dress for other components engaging the serpentine engine belt, such as the water pump, the radiator cooling fan, the power steering pump, the generator or alternator, the air conditioning compressor.

Dayco Products' motive in bringing these claims is anti-competitive, *i.e.*, as a sham legal claim to drive defendant Kingdom Auto Parts from the automotive aftermarket.

The trade dress claims of Dayco Products are deserving of Rule 11 sanctions.

**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

-13-

**EFILED 7/16/08**

## V.  <u>CONCLUSION</u>

On the record presented to the Court, including plaintiff's refusal to withdraw the trade dress infringement claims after the 21-day safe harbor period, defendant submits Rule 11 sanctions are warranted.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

By:   /s/ Robert C. J. Tuttle
    Robert C.J. Tuttle    (P25222)
    John S. Le Roy    (P61964)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075-1238
Tel:   (248) 358-4400/Fax:   (248) 358-3351
email:   rtuttle@brookskushman.com
        jleroy@brookskushman.com

Date: <u>July 16, 2008</u>



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

-14-

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

I hereby certify that on July 16, 2008, I electronically filed the foregoing **DEFENDANT KINGDOM AUTO PARTS'S FED. R. CIV. P. 11(c)(2) MOTION FOR SANCTIONS** and **BRIEF IN SUPPORT** with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing:  Kristen Isaacson Spano.  I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System: <u>None.</u>

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

By:   /s/ Robert C. J. Tuttle
    Robert C.J. Tuttle      (P25222)
    John S. Le Roy      (P61964)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075-1238
Tel:   (248) 358-4400/Fax:  (248) 358-3351
email:  rtuttle@brookskushman.com
         jleroy@brookskushman.com



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield,  MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

**EFILED 7/16/08**